ISAAC  MILLER,  PLAINTIFF,  v.  JOHN  S.  BARBER  AND
JAMES  A.  SCHEMERHORN,  DEFENDANTS.

*Fraud — Counter-claim — Evidence.*

EXCEPTIONS ordered to be heard in first instance at the General Term.

This action was tried before the court and jury, and the jury found a verdict for the plaintiff. The defendant was given time to make a case and exceptions, with stay of proceedings, and it was ordered that a motion for a new trial on the exceptions be heard in the first instance at General Term.

The action was to recover damages alleged to have been sustained by the fraudulent acts and representations of the defendants.

The complaint averred that defendants, with intent to deceive

* See *Ham* v. *Van Orden*, *ante*, page 709.— [REP.

and defraud the plaintiff, falsely and fraudulently represented to him that they had formed a company — The Union Patent Right Company — and had purchased the right to sell in a large number of counties, a patented article, known as " the hay-loading pitch-fork;" that they had purchased very cheap; that the right was worth $100 for each town, and would sell for that; that it was a very valuable machine and would be as indispensable to farmers as the mowing machine, and that the stockholders would realize large profits therefrom; that various individuals, known to the plaintiff as men of character and responsibility, were represented as having taken shares in said company, and given their notes for stock, and the stock book of said company was exhibited, on which appeared the names of such persons as subscribers for said stock. That relying upon said representations, and believing the same to be true, at the request and solicitation of said defendants, plaintiff gave his promissory note for $500 for one share of stock in said pretended company, and received a certificate therefor signed by defendant Barber, as president, and Schemerhorn as treasurer, which said note was payable to said defendants. That defendants immediately transferred said note to a *bona fide* purchaser, and plaintiff was compelled to pay the same, and did not discover the fraud practiced upon him until after its payment; that said statements and representations were, at the time of making them, false and fraudulent, and the said stock worthless; that the notes, shares and pretended subscriptions for stock, were a fraudulent and a contrived scheme, got up to cheat and defraud. The answers were denials, and a counter-claim by the defendant Barber.

The court *held*, that this was not in a strict sense an action to rescind a contract and recover back money, but was properly in the nature of tort to recover damages for a loss sustained by the fraud of the defendants. It was not like the case of *Butler* v. *Livermore* (52 Barb., 570), and hence it was not an action in which a counter-claim was admissible, unless it was one arising out of the transaction set forth in the complaint, which the counter-claim put forth by the defendant Barber was not.

That this transaction of the defendants was joint. The representations made respecting the company, the stock and the pitch-fork, were not only intended for the benefit of both, but the note

taken was given to them jointly, and, when sold, both participated in its avails; and hence they were co-conspirators, and the acts and sayings of either, in the progress of the common fraud, were admissible against both. (*Cary* v. *Hotailing*, 1 Hill, 311–316; *Jackson* v. *Timmerman*, 12 Wend., 299.)

*M. M. Waters*, for the defendant Schemerhorn.

*J. S. Barber*, in person.

*George N. Kennedy*, for the plaintiff.

Opinion by JAMES, J.

LEARNED, P. J., and BOARDMAN, J., concurred in result.

Motion for new trial denied, and judgment directed for the plaintiff on the verdict, with costs.